# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| JOHN FASTRICH, *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:17-cv-615 |
| -v- | ) | |
| | ) | |
| GREAT AMERICAN FINANCIAL | ) | Judge Susan J. Dlott |
| RESOURCES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT GREAT AMERICAN FINANCIAL RESOURCES, INC.'S MOTION TO DISMISS

Defendant, Great American Financial Resources, Inc. ("Great American"), hereby moves, pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs' complaint in this matter. The complaint fails to state a claim for relief against Great American. The motion is supported by the below memorandum in support.

Respectfully submitted,

_____ /s/ Brian P. Muething _____
James R. Matthews (0043979)
Brian P. Muething (0076315)
Jacob D. Rhode (0089636)
KEATING MUETHING & KLEKAMP, PLL
One E. 4th Street, Suite 1400
Cincinnati, OH 45202
Phone: (513) 579-6400
Fax: (513) 579-6457
jmatthews@kmklaw.com
bmuething@kmklaw.com
jrhode@kmklaw.com

*Attorneys for Defendant Great American*
*Financial Resources, Inc.*

<u>**MEMORANDUM IN SUPPORT**</u>

## I.  <u>INTRODUCTION</u>

Plaintiffs are an insurance agent and his insurance agency. They claim to represent a putative class of insurance agents. The agents sold insurance products of a company called Continental General Insurance Company ("CGI"). The agents claim to have been underpaid commissions by CGI. They have an ongoing lawsuit against CGI in the District of Nebraska alleging essentially everything they have alleged in this complaint. CGI, through its own counsel, is defending that litigation.

The Court will note that Great American's name is absent from the above chronology. With good reason. Not even Plaintiffs can plausibly allege that they have agency contracts with Great American related to the facts alleged in their complaint. They candidly allege in the complaint that "Plaintiffs are current and former…agents of CGI" (Complaint ¶ 3); that they "were responsible for…selling insurance products offered by CGI" (*Id*. at ¶ 4); and that Plaintiffs had "contractual agreements with CGI." (*Id*. at ¶ 5.)

Great American's only connection to this dispute is that it previously owned CGI. (*Id*. at ¶ 2.) But mere (prior) ownership of CGI does not give rise to liability by Great American for alleged wrongdoing by CGI. Instead, Plaintiffs must assert such claims directly against CGI. Which they have done in a separate matter. There are no viable claims, under any theory, against Great American. This case should be dismissed.

## II.  <u>FACTS ALLEGED IN PLAINTIFFS' COMPLAINT AND PROCEDURAL HISTORY</u>

Great American accepts for this motion the factual allegations contained in Plaintiffs' complaint.

CGI is an insurance company headquartered in Austin, Texas. (Complaint ¶ 1.) Great American once owned but has since sold CGI. (*Id*. at ¶ 2; Exhibit 2.) Plaintiffs (the putative class) are "current and former regional managers, general agents, associate general agents, and/or agents of CGI." (*Id*. at ¶ 3.) "Plaintiffs were responsible for…selling insurance products offered by CGI." (*Id*. at ¶ 4; see also ¶ 20.) "Pursuant to contractual agreements with CGI, licensed agents are entitled to compensation…on insurance products sold by licensed agents in their hierarchy." (*Id*. at ¶ 5.) Plaintiffs' complaint alleges that they did not receive the extent of compensation to which they claim to be entitled.

In October 2016, Plaintiffs John Fastrich and his insurance agency, Universal Investment Services, Inc., filed essentially the same lawsuit filed here in the United States District Court for the District of Nebraska (Case No. 8:16-cv-00487-LSC-FG3) ("Neb. Case"). As filed, the defendants were CGI, Great American, Great American's parent company (American Financial Group or "AFG") and Cigna Corporation ("Cigna") (collectively the "Nebraska Defendants"). The Nebraska Defendants moved to dismiss for failure to state a claim. (Neb. ECF __.) Great American separately moved to dismiss for lack of personal jurisdiction. (Neb. ECF __.)

The core argument in Great American's 12(b)(2) motion was that, even if personal jurisdiction existed as to CGI, that mere ownership of CGI was insufficient to confer jurisdiction over Great American in Nebraska. Said differently, Great American argued that it was improper to conflate CGI and Great American; that they needed to be considered separately. The Nebraska plaintiffs (again, the same ones as in this case) opposed the motions to dismiss except that they voluntarily dismissed AFG and Cigna.

The court granted Great American's motion to dismiss for lack of personal jurisdiction. That CGI was headquartered at a prior time in Nebraska was insufficient for jurisdiction over

Great American because "mere ownership" of an entity operating in a forum is insufficient for jurisdiction over the parent. (Neb. Case ECF 58 at 9.)

As for the motion to dismiss for failure to state a claim, the court denied in part and granted in part that motion. The court permitted the breach of contract and unjust enrichment claims to proceed. But importantly, the court specifically noted that it was analyzing that motion only as to CGI because "the only remaining defendant [in the Neb. Case] is CGI [after the voluntary dismissals and the dismissal of Great American for lack of personal jurisdiction]." (*Id.* at 13.) And the Court noted that "it is clear from the allegations that Plaintiffs entered into contracts with CGI, specifically, and sued the dismissed parties for breach of contract based on their potential liability in connection with their corporate interests and affiliations with CGI." (*Id.*) Thus, as to <u>CGI</u>, because of allegations of direct contractual privity that did not exist as to any other moving defendant, the complaint was sustained. Same with unjust enrichment: the court concluded the allegations allowed for a reasonable inference that CGI may have been unjustly enriched because Plaintiffs there alleged they sold <u>CGI</u> products and did not receive appropriate compensation.[1] (*Id.* at 17.)

Plaintiffs then refiled their complaint, with modest changes, against Great American in this Court. Plaintiffs allege three causes of action: breach of contract, unjust enrichment, and violation of a Nebraska wage and hour statute.

## III.  <u>ARGUMENT</u>

### A.  **Motion to Dismiss Standard**

In considering a Rule 12(b)(6) motion to dismiss, a court must "construe the complaint in the light most favorable to the plaintiff," accepting as true all the plaintiff's factual allegations.

---

[1] Were the issue to ever be reached, Plaintiffs are entirely incorrect on the substance of the allegations in both complaints. But Great American understands that it must take Plaintiffs' allegations as true for the time being.

*Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). Although in this context all of the factual allegations in the complaint are taken as true, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Heinrich v. Waiting Angels Adoption Servs.*, 668 F.3d 393, 403 (6th Cir. 2012) (citations and quotations omitted).

Moreover, a plaintiff "must also meet the more rigorous pleading standards of Rule 9(b) with respect to [] claims based on fraud." *Id.* To satisfy Rule 9(b), a plaintiff "must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) (quotations and citation omitted). Thus, at a minimum, a plaintiff must "specify the who, what, when, where, and how of the defendants' alleged fraud." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (quotations and citation omitted). *See also*, *Heinrich v. Waiting Angels Adoption Servs.*, 668 F.3d 393, 403 (6th Cir. 2012).

### B. Plaintiffs' Claims Should be Dismissed

#### 1. Breach of Contract

Plaintiffs breach of contract claim must be dismissed. "In the context of claims arising out of an alleged breach of contract, a plaintiff must identify the specific contract language whereby the defendant assumed a legally-enforceable obligation to the plaintiff." *GKP, LLC v.*

*Wells Fargo & Co.*, No. 1:13 CV 01482, 2013 U.S. Dist. LEXIS 136433, at *8 (N.D. Ohio Sep. 24, 2013); *Lee v. Nat'l Ass'n of Letter Carriers*, No. 3:08cv344, 2009 U.S. Dist. LEXIS 125395, at *18-19 (S.D. Ohio June 22, 2009) (same).

Here Plaintiffs have not plausibly alleged the existence of a contract between them and Great American and certainly not any "specific contract language." Indeed, Plaintiffs have alleged the existence of a contract between them and a different party: CGI. (*See* Complaint ¶¶ 3, 4, 5, 6, 7, 9, 12, 18, 20.) Plaintiffs are very clear in that they allege they "sold policies for CGI." (*Id*. at 4, 20.) With Plaintiffs unable to allege a contract with Great American, and all the identifiable allegations actually inconsistent with a contract with Great American, the breach of contract claim must be dismissed.

### 2.      Unjust Enrichment

The same is true with respect to Plaintiffs' unjust enrichment claim. Plaintiffs' claim is based on an alleged termination by Great American of its "relationships with Plaintiffs." (Complaint ¶ 53-54.) But Plaintiffs are unable to allege the existence of any such relationship with Great American. And they are unable to allege why any alleged "termination" was wrongful anyway. As for the bare allegation (Complaint ¶ 55) that Plaintiffs have not been compensated by Great American, Plaintiffs' allegations make perfectly clear that they sold CGI products and were agents of CGI. (*See, e.g.,* Complaint ¶¶ 3-4.) Therefore, there is no plausible allegation or inference that Great American failed to pay proper compensation or was somehow unjustly enriched.

### 3.      Nebraska Wage Claim

Finally, Plaintiffs' Nebraska statutory wage payment claim must be dismissed. There are myriad problems with this claim and Great American reserves its rights with respect to all of them. For the present motion, though, it is enough to point out (again) that Plaintiffs have only

plausibly alleged contracts with CGI. It is extraordinarily doubtful that <u>any</u> insurance agency contract is covered by this statute—which concerns only "employees" and not independent contractors—but Plaintiffs have provided no plausible, non-conclusory allegation that <u>Great American</u> is an "employer" under the Nebraska statute. The most that can be alleged is that Great American is the parent company of an employer (but, again, that will show to be false because there is no way Plaintiffs are "employees"). But "there is no indication that Nebraska ever intended NWCP Act liability to attach to parent companies, and the plain meaning of "employer" would not include" a parent company. *See Wollery v. Matlin Patterson Global Advisers, LLC*, 2013 U.S. Dist. LEXIS 57790, at \*18–19 (D. Del. Apr. 23, 2013). Because Plaintiffs cannot plausibly allege a violation of this statute by Great American, this claim should also be dismissed.

## IV.    <u>CONCLUSION</u>

For these reasons, Great American requests that the motion be granted and that this case be dismissed.

Respectfully submitted,

_____*/s/ Brian P. Muething*_____
James R. Matthews (0043979)
Brian P. Muething (0076315)
Jacob D. Rhode (0089636)
KEATING MUETHING & KLEKAMP, PLL
One E. 4th Street, Suite 1400
Cincinnati, OH  45202
Phone: (513) 579-6400
Fax: (513) 579-6457
jmatthews@kmklaw.com
bmuething@kmklaw.com
jrhode@kmklaw.com

*Attorneys for Defendant Great American
Financial Resources, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 9, 2018, I caused true and correct copies of the foregoing to be filed electronically using the Court's CM/ECF system and to therefore be served upon all registered participants identified in the Notice of Electronic Filing in this matter on this date. This document is available for viewing and downloading on the CM/ECF system.


_____*/s/ Brian P. Muething*_____
Brian P. Muething

8189855.1