IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **JOHN FASTRICH, UNIVERSAL INVESTMENT SERVICES, INC., and REGINALD J. GOOD,** | **CASE NO. 1:17-cv-00615-SJD** |
| **Plaintiffs,** | **CLASS ACTION: MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT** |
| **vs.** | |
| **CONTINENTAL GENERAL INSURANCE COMPANY, GREAT AMERICAN FINANCIAL RESOURCE, INC., AMERICAN FINANCIAL GROUP, INC., LOYAL AMERICAN LIFE INSURANCE COMPANY, and AMERICAN RETIREMENT LIFE INSURANCE COMPANY,** | |
| **Defendants.** | |

<u>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**</u>

### TABLE OF CONTENTS

TABLES OF AUTHORITIES ............................................................................................... iii

I. INTRODUCTION ................................................................................................. 1

II. PROCEDURAL HISTORY ................................................................................. 3

III. TERMS OF THE SETTLEMENT AGREEMENT ........................................... 5

    A. Settlement Class ....................................................................................... 5

    B. Allocation Plan ......................................................................................... 5

    C. Release of Claims .................................................................................... 5

    D. Notice to Potential Settlement Class Members ....................................... 6

IV. ARGUMENT ....................................................................................................... 7

    A. Legal Standard for Approval of Rule 23 Class Action Settlements ....... 7

    B. The Settlement Agreement is the Product of Informed, Non-Collusive
        Negotiation and Does Not Present Any Grounds to Question its Fairness ............ 9

    C. The Terms of the Proposed Settlement are Fair and Reasonable When
        Considering the Uncertainty of Continuing to Litigate this Matter ..................... 10

    D. The Court Should Provisionally Certify the National Settlement Class
        Under Fed. R. Civ. P. 23 ....................................................................... 11

        1. The Settlement Class is Sufficiently Numerous ....................................... 13

        2. The Settlement Class Seeks Resolution of Common Questions .............. 13

        3. The Claims of the Class Representatives are Typical of the
           Settlement Class .......................................................................... 14

        4. Class Counsel and Plaintiffs Meet the Adequacy Requirements of
           the Settlement Class ...................................................................... 15

        5. The Settlement Class Satisfies the Predominance and Superiority
           Requirements of Fed. R. Civ. P. 23(b)(3) ................................... 16

    F. The Proposed Notices Provide Adequate Notice to the Settlement Class
        Members and Satisfy Due Process ....................................................... 17

V. CONCLUSION ................................................................................................... 18

## <u>TABLES OF AUTHORITIES</u>

### Cases

*Amos v. PPG, Indus.*, No. 2:05-cv-70, 2015 U.S. Dist. LEXIS 106944
(S.D. Ohio Aug. 13, 2015) ................................................................................. 10, 12

*Bailey v. AK Steel Corp.*, No. 1:06-cv-468, 2008 U.S. Dist. LEXIS 16704
(S.D. Ohio Feb. 21, 2008) ........................................................................................ 10

*Beattie v. CenturyTel, Inc.*, 511 F.3d 554 (6th Cir. 2007) ........................................... 14

*Bower v. MetLife, Inc.*, No. 1:09-cv-351, 2012 U.S. Dist. LEXIS 149117
(S.D. Ohio Oct. 17, 2012) ........................................................................................ 17

*Bowling v. Pfizer*, 143 F.R.D. 141 (S.D. Ohio 1992) .................................................... 8

*Gascho v. Global Fitness Holdings*, No. 2:11-cv-436, 2014 U.S. Dist. LEXIS 46846
(S.D. Ohio 2014) ...................................................................................................... 13

*Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147 (1982) ........................................... 14

*Green v. Dressman Benzinger Lavelle, PSC,* No. 1:14-CV-00142-SJD,
2014 U.S. Dist. LEXIS 142008 (S.D. Ohio Sept. 18, 2014) .................................. 11

*In re Nationwide Fin. Servs. Litig.*, No. 2:08-CV-00249, 2009 U.S. Dist. LEXIS 126962
(S.D. Ohio Aug. 18, 2009) ...................................................................................... 11

*In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 985 (S.D. Ohio 2001) ............... 8, 9

*Mees v. Skreened, Ltd.*, No. 2:14-cv-142, 2016 U.S. Dist. LEXIS 1242,
(S.D. Ohio Jan. 6, 2016) ........................................................................................... 8

*Michel v. WM Healthcare Solutions, Inc.*, No. 1:10-cv-638,
2014 U.S. Dist. LEXIS 15606 (S.D. Ohio 2014) .................................................... 12

*Mullance v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306 (1950) ............................... 17

*Ross v. Abercrombie & Fitch Co.*, 257 F.R.D. 435 (S.D. Ohio 2009) .......................... 14

*Smith v. Ohio Dep't of Rehab. & Correction*, No. 2:08-CV-15,
2012 U.S. Dist. LEXIS 1440254 (S.D. Ohio Apr. 26, 2012) ............................ 14, 15

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) ....................................... 13, 14

*Wess v. Storey*, No. 2:08-cv-623, 2011 U.S. Dist. LEXIS 41050
(S.D. Ohio Apr. 14, 2011) ......................................................................................... 9

### Statutes

Fed. R. Civ. P. 23 (2017) ............................................................................................. 13

Fed. R. Civ. P. 23(a) (2017) ................................................................................. 11, 12

Fed. R. Civ. P. 23(a)(1) (2017) .................................................................................. 13

Fed. R. Civ. P. 23(a)(2) (2017) .................................................................................. 13

Fed. R. Civ. P. 23(a)(3) (2017) .................................................................................. 14

Fed. R. Civ. P. 23(a)(4) (2017) .................................................................................. 15

Fed. R. Civ. P. 23(b)(3) (2017) ............................................................................. 12, 16

Fed. R. Civ. P. 23(c)(2)(B) (2017) ............................................................................ 17

Fed. R. Civ. P. 23(e) (2017) .................................................................................... 7, 8

## Other Authorities

David F. Herr, *Annotated Manual for Complex Litigation (Fourth)* § 21.662 (2012) .................. 8

*Manual for Complex Litigation (Second)* § 30.44 ........................................................ 9

*Manual for Complex Litigation (Third)* § 30.41 ......................................................... 7

*Manual for Complex Litigation* § 21.132 (4th ed. 2013) ............................................... 12

Nebraska Wage Payment and Collection Act, Neb. Stat. § 48-1228 *et seq* .................................. 5

## I.     INTRODUCTION

This class action against Defendants Continental General Insurance Company ("CGI"), Great American Financial Resource, Inc. ("GAFRI"), American Financial Group, Inc., Loyal American Life Insurance Company ("LALIC"), and American Retirement Life Insurance Company ("ARLIC") (collectively, "Defendants") has been settled, and Plaintiffs John Fastrich, Universal Investment Services, Inc., and Reginald J. Good (collectively, "Plaintiffs") respectfully submit this Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement. As discussed herein, the proposed settlement is fair and reasonable and warrants this Court's approval.

This class action was brought by John Fastrich and his insurance agency, Universal Investment Services, Inc., and Reginald J. Good, on behalf of themselves and on behalf of "[a]ll current and former regional managers, general agents, associate general agents, and agents of CGI . . . who have lost commissions, renewals, and/or overrides as a result of Defendants' wrongful conduct . . . ." The initial complaint alleges that Plaintiffs contracted with CGI to sell CGI's insurance products such as Medicare supplements, long-term care, senior life policies, and annuities to various customers. In exchange, Plaintiffs were to be compensated in the form of commissions, renewals, and overrides (together, "Commissions") on insurance products they sold. The payment structure of the Commissions centered on a contracting hierarchy. Regional managers were at the top of the payment hierarchy, then general managers, general agents, associate general agents, and agents. Once an agent sells an insurance product, that agent becomes the agent of record and is entitled to commissions and/or renewals resulting from the sale. Overrides are the difference between the compensation paid to individuals in the hierarchy.

1

Regional managers and general agents are entitled to such overrides from the agents in their hierarchy.

Plaintiffs claim that they and other Class Members were harmed when Defendants obtained state "approval for various new products" and thereafter "began contacting existing policyholders and replacing the in-force policies with the new products." FAC ¶ 29. Plaintiffs contend that Defendants "instructed policyholders to switch policies when receiving rate increase letters" and that when existing policies were replaced with new policies, the existing producers of record were terminated and replaced with new producers of record, some of whom were in-house producers. Id. Plaintiffs claim that they and other similarly situated former-producers lost initial, renewal, and override commissions on policies that were replaced. Id. ¶ 32. Plaintiffs allege that the policy replacements caused many producers to become "non-vested" pursuant to their agreements with Defendants. Id. ¶ 34. Plaintiffs also allege that contracts with Defendants entitled them to receive commissions on premium increases for long-term care insurance policies issued prior to January 2000. Id. ¶ 39. Plaintiffs further contend that Defendants breached their contracts with Plaintiffs and other Class Members when they did not remit non-vested commissions up the hierarchy to the next agent, allegedly retaining commissions from non-vested agents, and did not pay commissions on premium increases. Id. ¶¶ 41-42. Defendants expressly deny Plaintiffs' allegations.

After the initial complaint was filed, the parties engaged in informal discovery, exchanged considerable document production for settlement purposes, participated in extensive arm's-length negotiations, and participated in a mediation before the Honorable Richard Neville, beginning on January 26, 2018, in Chicago, Illinois. The parties conducted damages calculations and exchanged various settlement demands, offers, counter-demands, and further counter-offers. With additional assistance from Judge Neville over the next several weeks, the parties were later able to negotiate

a class settlement to resolve this matter. The terms of the parties' settlement are set forth in a Settlement Agreement (the "Settlement Agreement").[1] Plaintiffs' Counsel believes that the negotiated Settlement Agreement provides an excellent settlement for Plaintiffs and the Settlement Class, with respect to their claims for unpaid commissions on the sale of various insurance products.

Plaintiffs respectfully submit that this motion should be granted because the proposed Settlement Agreement satisfied all of the criteria for preliminary approval under federal law and falls well within the range of reasonableness. Accordingly, Plaintiffs request that the Court issue an order: (1) granting preliminary approval of the proposed Settlement Agreement; (2) preliminarily certifying the state law claims as a Fed. R. Civ. P. 23 class on behalf of the national Settlement Class; (3) preliminarily appointing Plaintiffs John Fastrich and Reginald J. Good as Class Representatives of the Settlement Class; (4) preliminarily appointing J. Barton Goplerud of Shindler, Anderson, Goplerud & Weese, P.C., Alan Rosca of RoscaLaw LLC, and Lydia Floyd of Peiffer Wolf Carr & Kane, APLC as Class Counsel for the Settlement Class; and (5) approving the plan of notice to the Settlement Class Members, including approving the Notice attached to the Settlement Agreement. Defendants do not oppose this Motion.

## II.    PROCEDURAL HISTORY

Plaintiff John Fastrich ("Fastrich") is a licensed insurance agent and a Carmel, Indiana resident, with his principal place of business in Carmel, Indiana. Plaintiff Universal Investment Services, Inc. ("UIS") is an Indiana insurance agency with its principal place of business in Carmel, Indiana. Plaintiff John Fastrich is the principal of Plaintiff UIS. Plaintiff Reginald J. Good ("Good") is a licensed insurance agent and a Lakeside, Montana resident, with his principal place

---

[11] A copy of the Settlement Agreement and its exhibits accompany the filing of this brief.

of business in Lakeside, Montana. Plaintiffs sold the insurance products at issue in this case offered by CGI, Loyal American Life Insurance Company ("LALIC"), and/or American Retirement Life Insurance Company ("ARLIC").

Defendant CGI is a Texas corporation with its principal place of business in Austin, Texas and former principal place of business in Omaha, Nebraska. Defendant American Financial Group, Inc. ("AFG") is a Delaware corporation with its principal place of business in Cincinnati, Ohio. AFG owns GAFRI and is fully responsible for any of its wrongful acts. Defendant LALIC is an Ohio corporation with its principal place of business in Austin, Texas. Defendant ARLIC is an Ohio corporation with its principal place of business in Austin. Texas. In or about August 2012, GAFRI sold LALIC and ARLIC to Cigna Health & Life Insurance Company ("CHLIC"), a subsidiary of Cigna Corporation. In or about December 2015, GAFRI sold all of the issued and outstanding shares of common stock of CGI to HC2 Holdings, Inc.

On October 26, 2016, Plaintiffs filed a class action against the Defendants in the United States District Court for the District of Nebraska. In February 2017, the Defendants moved to dismiss for failure to state a claim and lack of personal jurisdiction. On May 18, 2017, Cigna Corporation and American Financial Group were voluntarily dismissed from the Nebraska action without prejudice. On August 21, 2017, the District of Nebraska granted GAFRI's Motion to Dismiss for Failure to State a Claim and granted GAFRI's Motion to Dismiss for Lack of Personal Jurisdiction. The tortious interference with a business relationship claim against CGI was also dismissed, but the breach of contract and unjust enrichment claims remained against CGI. On September 14, 2017, Plaintiffs filed a Complaint in the United States District Court for the Southern District of Ohio against GAFRI. The Complaint asserted breach of contract and unjust enrichment causes of action, as well as violations of the Nebraska Wage Payment and Collection

4

Act, Neb. Stat. § 48-1228 *et seq*. On January 26, 2018, the parties began a mediation in Chicago, Illinois. This mediation did not immediately result in an agreement. However, after further discussion, a resolution to this matter was reached on April 23, 2018. On May 11, 2018, the parties notified this Court of the potential settlement.

### III.    TERMS OF THE SETTLEMENT AGREEMENT[2]

**A.    Settlement Class**

For purposes of settlement only, upon the express terms and conditions set forth in the Settlement Agreement, the Defendants have stipulated to the certification of a Settlement Class, including all persons or entities that lost or otherwise were not paid commissions that were or would have been payable on, or attributable to, insurance policies or products issued or sold by the Defendants or Releasees (as defined in the Settlement Agreement, Section II(A)(jj)), including those Commissions lost at any time from October 25, 2011 through the Effective Date of the Settlement Agreement.

**B.    Allocation Plan**

The Plan of Allocation is not a necessary term of this Class Action Settlement Agreement, and it is not a condition of this Class Action Settlement Agreement that any particular Plan of Allocation be approved.

**C.    Release of Claims**

Pursuant to the Order Approving Settlement and Final Judgment, without further action by anyone, on and after the effective date of the Agreement, Plaintiffs and all other Settlement Class Members, for good and sufficient consideration, shall be deemed to have, and by operation of law

---

[2] To the extent the description of the Settlement Agreement or any of its terms varies from the Settlement Agreement itself, the Settlement Agreement controls.

and of the Order Approving Settlement and Final Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged: (1) all Plaintiffs' claims against each and every one of the Defendants and Releasees, including Defendants' Counsel; (2) all claims, damages, and liabilities as to each and every one of the Defendants and Releasees to the extent that any such claims, damages, or liability relate in any way to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written statements or representations in connection with, or directly or indirectly relating to this action or the Nebraska Action; (3) all claims against any of the Defendants and Releasees for attorneys' fees, costs, or disbursements incurred by Plaintiffs' counsel or any other counsel related in any manner to this action or the Nebraska Action.

Nothing in the Order Approving Settlement and Final Judgment shall bar any action or claim by the parties or their counsel to enforce the terms of the Settlement Agreement or the Order Approving Settlement and Final Judgment. Pending final determination of whether the Settlement should be approved and applied in this Class Action, neither Plaintiffs, nor any of the Class Members, shall commence, maintain or prosecute against Defendants or Releasees, or any of them, any action or proceeding in any court or tribunal asserting or relating to any of the Plaintiffs' claims. Each of the releases and waivers described above was separately bargained for and is an essential element of the Settlement Agreement.

## D.    **Notice to Potential Settlement Class Members**

Subject to the requirements set by this Court in the Preliminary Approval Order, counsel shall cause the agreement upon class notice and claim form to be mailed, by first class mail, postage prepaid, within twenty (20) days after the entry of the Preliminary Approval Order, to all Class Members at the address of each such person as set forth in the records of Defendants. Defendants shall cooperate in the administration of the Settlement only to the extent reasonably

necessary to effectuate its terms, and Defendants shall use reasonable efforts to provide to the Settlement Administrator, no later than five (5) business days after entry of the Preliminary Approval Order, a list of potential Class Members (consisting of names and addresses), in electronic form. Counsel shall, at least fifteen (15) days after mailing the class notice and claim form, file with the Court proof of such mailing. Any notice and administrative expenses shall be paid out of the overall settlement.

Defendants expressly reserve the right to communicate with and respond to inquiries by producers, but have no obligation to do so except as otherwise expressly provided for in the Settlement. Any party to the Settlement or its counsel wishing to issue a press release or other public statement shall provide counsel for all other parties to the Settlement reasonable opportunity to review and comment upon the release. The parties to the Settlement shall cooperate to ensure that any media statements regarding the settlement are balanced, fair, accurate, and non-disparaging.

## IV. ARGUMENT

Plaintiffs respectfully request that the Court enter the accompanying proposed Order Preliminarily Approving the class action settlement of the commission claims and the class action settlement of the Rule 23 State Law Claims. Defendants do not opposed this Motion.

### A. Legal Standard for Approval of Rule 23 Class Action Settlements

Fed. R. Civ. P. 23(e) requires judicial approval for any compromise of claims brought on a class-wide basis. Fed. R. Civ. P. 23(e) outlines a two-step process by which district courts must first determine whether a proposed class action settlement warrants preliminary approval and then, after notice of the settlement is given to class members, whether final approval is justified. *See*, *e.g.*, Manual for Complex Litigation (Third) § 30.41.

Plaintiffs now seek preliminary approval of the settlement pursuant to Fed. R. Civ. P. 23(e). A district court "bases its preliminary approval of a proposed settlement upon its familiarity with the issues and evidence of the case as well as the arms-length nature of the negotiations prior to the settlement." *In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 985, 1026 (S.D. Ohio 2001).

At the preliminary approval stage, "the questions are simpler, and the court is not expected to, and probably should not, engage in analysis as rigorous as is appropriate for final approval." David F. Herr, *Annotated Manual for Complex Litigation (Fourth)* § 21.662 (2012). Accordingly, preliminary approval does not require a court to reach any ultimate conclusions on the issues of fact and law that underlie the merits of the dispute. Rather, its evaluation should be focused on reasonably discerning that the agreement is not the result of fraud, overreaching, or collusion between the negotiating parties and that the settlement as a whole is fair, reasonable, and adequate to all concerned. *Mees v. Skreened, Ltd.*, No. 2:14-cv-142, 2016 U.S. Dist. LEXIS 1242, at *5–6 (S.D. Ohio Jan. 6, 2016) (citation omitted).

The preliminary approval analysis often focuses on whether the settlement is the product of arm's-length negotiations. *See*, *e.g.*, *id.* at *6; *see also Bowling v. Pfizer*, 143 F.R.D. 141, 150–51 (S.D. Ohio 1992) (citations omitted) ("The Court's role in evaluating a private consensual agreement 'must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned.'").

As set forth below, the proposed Settlement in this case falls well within the range of possible approval, because it meets each of the fairness requirements. In addition, the proposed Settlement meets the standard for approval because it is a fair and reasonable compromise of a

*bona fide* dispute. As such, there are no grounds to doubt the reasonableness of the relief presented by the Settlement Agreement.

**B.**   **The Settlement Agreement is the Product of Informed, Non-Collusive Negotiation and Does Not Present Any Grounds to Question its Fairness**

It is well-established that, in determining whether a proposed settlement should be preliminarily approved, courts may consider whether "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations." *In re Telectronics Pacing Sys.*, 137 F. Supp. 2d 985, 1015–16 (S.D. Ohio 2001) (quoting *Manual for Complex Litigation (Second)* § 30.44). Courts are to give considerable weight to the experience of the attorneys who litigated the case and participated in settlement negotiations. *See*, *e.g.*, *Wess v. Storey*, No. 2:08-cv-623, 2011 U.S. Dist. LEXIS 41050, at *12–13 (S.D. Ohio Apr. 14, 2011) (citations omitted) ("It is well settled that, in approving a class action settlement, the court 'should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs.'"); *In re Telectronics Pacing Sys.*, 137 F. Supp. 2d at 1015–16 (citations omitted) ("The Court should always give significant weight to the belief of experienced Counsel that the settlement is in the best interest of the class").

The Settlement in this case was the result of contested litigation, informal discovery, and arm's-length negotiations. The proposed Settlement was reached only after (1) pre-Answer motion practice in the Nebraska Action; (2) the exchange of substantial documents and records; (3) exchanges of damages calculations; (4) assessment of strengths and weaknesses of each of the claims; and (5) a lengthy in-person mediation session and weeks of subsequent negotiations with the assistance from the mediator. As described below, Class Counsel extensively investigated the applicable law as applied to the relevant facts discovered in this action, and the potential defenses thereto. The Settlement Amount is based on an intensive review of the facts and law.

Class Counsel are experienced and respected class action litigators. Based on Class Counsel's knowledge and expertise in this area of law, Class Counsel believe this Settlement will provide a substantial benefit to the Settlement Classes. In summary, the proposed Settlement Agreement is the product of careful factual and legal research and arm's-length negotiations between the parties.

**C.** **The Terms of the Proposed Settlement are Fair and Reasonable When Considering the Uncertainty of Continuing to Litigate this Matter**

"The determination of what constitutes a 'reasonable' settlement is not susceptible to mathematical equation yielding a particularized sum. Rather . . . in any case, there is a range of reasonableness with respect to a settlement" under which a settlement must fall to gain preliminary approval. *Amos v. PPG, Indus.*, No. 2:05-cv-70, 2015 U.S. Dist. LEXIS 106944, at *8–9 (S.D. Ohio Aug. 13, 2015) (citations omitted). Indeed, the Court must ultimately determine "whether [the settlement] falls within the range of reasonableness, not whether it is the most favorable possible result in the litigation." *Bailey v. AK Steel Corp.*, No. 1:06-cv-468, 2008 U.S. Dist. LEXIS 16704, at *2–3 (S.D. Ohio Feb. 21, 2008) (citations omitted).

In this case, the proposed cash recovery represents a strong result both in absolute terms, and especially when balanced against the multitude of risks to establishing liability and recovering damages. The Settlement Amount was carefully negotiated based on a substantial investigation by Class Counsel, and a review and analysis of documents produced by Defendants in preparation for this litigation.

More specifically, the Settlement is based on the value of commissions earned on insurance products sold by agents. If the Settlement is approved, all Authorized Claimants will receive a Settlement Award from the Net Settlement Amount in accordance with the Proposed Allocation of Net Settlement Proceeds attached as Exhibit E to the Settlement Agreement.

10

The proposed allocation of the Settlement to eligible Class Members is reasonable. This is a fair result for the Settlement Class Members, especially considering the risks of continued litigation. First, there was a risk that Plaintiffs would not succeed in maintaining a class through trial. Second, a trial on the merits would involve significant risks for Plaintiffs as to both liability and damages. While Plaintiffs believe the case is strong, it would require significant factual development, and any verdict at trial could be delayed based on appeals by multiple Defendants.

Given the "risks and burdens of potentially protracted litigation," Class Counsel's recommendation to settle the matter is validly reasoned and well-founded. *In re Nationwide Fin. Servs. Litig.*, No. 2:08-CV-00249, 2009 U.S. Dist. LEXIS 126962, at *10 (S.D. Ohio Aug. 18, 2009). The Settlement here meets the test for preliminary approval because: (1) the settlement provides the Class with substantial relief compared to the uncertain potential relief possible through continued litigation; (2) this is a case which would require significant expense and time to litigate through trial; (3) Class Counsel, who are extremely experienced in this type of litigation, believe the Settlement is in the best interest of the Class; (4) the parties have engaged in substantial discovery; (5) the parties engaged in good faith, non-collusive, arm's-length negotiations that gave no reason to doubt its fairness; and (6) the settlement serves the public interest and judicial efficiency of efficiently resolving this dispute now.

## D.   The Court Should Provisionally Certify the National Settlement Class Under Fed. R. Civ. P. 23

In order to obtain class certification, a party must show that all four prerequisites of Rule 23(a) are met and that the case qualifies as at least one of the matters identified in Rule 23(b). *See Green v. Dressman Benzinger Lavelle, PSC,* No. 1:14-CV-00142-SJD, 2014 U.S. Dist. LEXIS 142008, at *3–4 (S.D. Ohio Sept. 18, 2014). A case may be certified as a class action under Rule 23 when:

> (1) The class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). These four threshold requirements are commonly referred to as "numerosity," "commonality," typicality," and "adequacy of representation," respectively. *See*, *e.g.*, *Amos v. PPG Indus.*, No. 2:05-cv-70, 2018 U.S. Dist. LEXIS, at *10 (S.D. Ohio Jan. 5, 2018).

Fed. R. Civ. P. 23(b)(3) permits the court to certify a class in cases where "questions of law or fact common to class members predominate over any questions affecting only individual members," and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). These dual requirements are commonly referred to as "predominance" and "superiority" respectively.

The Manual for Complex Litigation notes the propriety of certifying a class solely for purposes of settlement and courts agree. *Manual for Complex Litigation* § 21.132 (4th ed. 2013); *see*, *e.g.*, *Michel v. WM Healthcare Solutions, Inc.*, No. 1:10-cv-638, 2014 U.S. Dist. LEXIS 15606, at *69 (S.D. Ohio 2014) (noting that certification of a class solely for purposes of settlement is appropriate where the class meets the requirements of numerosity, commonality, typicality, and adequacy of representation).

Plaintiffs move for preliminary certification of the Settlement Class under Fed. R. Civ. P. 23(b)(3), and request that the Court preliminarily find that all of the requirements for class certification are satisfied for settlement purposes only. Pursuant to the terms of the Settlement Agreement, Defendants have stipulated that, for settlement purposes only, the requisites for

establishing class certification pursuant to Fed. R. Civ. P. 23 with respect to the national Settlement Class Members have been and are met.[3]

### 1. The Settlement Class is Sufficiently Numerous

To meet the numerosity requirement of Fed. R. Civ. P. 23(a)(1), the class size only need be large enough that it makes joinder impracticable. Fed. R. Civ. P. 23(a)(1). The proposed Settlement Class here easily meets the numerosity requirement because approximately 4,000 Settlement Class Members have been identified.

### 2. The Settlement Class Seeks Resolution of Common Questions

Fed. R. Civ. P. 23(a)(2) requires that a proposed class action raise "questions of law or fact common to the class." The class members' claims must depend upon a common contention that is capable of class-wide resolution. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2562 (2011). The commonality requirement of Fed. R. Civ. P. 23(a)(2) is satisfied if the class representatives share at least one question of fact or law with the grievances of the prospective class. *See Gascho v. Global Fitness Holdings*, No. 2:11-cv-436, 2014 U.S. Dist. LEXIS 46846, at *24–27 (S.D. Ohio 2014); *see also Dukes*, 131 S. Ct. at 2556 ("We quite agree that for purposes of Rule 23(a)(2) '[e]ven a single [common] question' will do[.]") (internal quotations and citations omitted; alterations in original).

Here, Plaintiffs' and the Settlement Class Members' claims arise from Defendants' common commission payment policies. The alleged common issues include, for example: (1) whether the Settlement Class Members were entitled to commission payments on insurance products sold; (2) whether the policy of failing to pay such commissions breached the contract

---

[3] Defendants do not contest certification of the Settlement Class but specifically reserve their right to contest any litigation class motion.

between the Settlement Class Members and the Defendants. These sample common questions of law and fact, which Plaintiffs contend apply uniformly to all members of the Settlement Class, are sufficient to satisfy the commonality requirement. *Id.*

### 3. The Claims of the Class Representatives are Typical of the Settlement Class

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied for purposes of preliminarily approving the Settlement because Plaintiffs possess the same interest and suffered the same injury as the absent class members. *Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 156 (1982); *Ross v. Abercrombie & Fitch Co.*, 257 F.R.D. 435, 445 (S.D. Ohio 2009). "A 'typical' claim 'arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and [must be] based on the same legal theory." *Smith v. Ohio Dep't of Rehab. & Correction*, No. 2:08-CV-15, 2012 U.S. Dist. LEXIS 1440254, at *14 (S.D. Ohio Apr. 26, 2012) (quoting *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007)). However, representatives and class members' claims "need not always involve the same facts or law, provided there is a common element of fact or law." *Id.* (internal quotation marks and citations omitted).

Plaintiffs' claims for commission payments on insurance products sold by various agents are typical of the claims of the Settlement Class. The two Plaintiffs, between their respective insurance practices, have sold the types of insurance policies and products at issue in this case, and believe they have been victimized by Defendants through the entire breadth of conduct alleged in the FAC, specifically through Defendants' (1) failure to pay them Commissions on premiums paid by policyholders to whom they sold long-term care insurance policies and other products, due to premium rate increases on such long-term care insurance policies and products; (2) failure to properly calculate and/or pay them Commissions in accordance with the vesting provisions of their agreements with Defendants; and (3) replacement of Plaintiffs as the agents of record in connection

14

with some of their sales of insurance policy or product to policyholders. Thus, Plaintiffs' claims are typical of those of the Settlement Class.

### 4. Class Counsel and Plaintiffs Meet the Adequacy Requirements of the Settlement Class

To meet the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4), a class representative must show: (1) that the potential class representatives have common interests with unnamed class members; and (2) that he or she will vigorously prosecute the interests of the class through qualified counsel. *Ohio Dep't Rehab. & Correction*, 2012 U.S. Dist. LEXIS 58634, at *16.

The adequacy of representation requirement is met here because Plaintiffs have the same interests as the Settlement Class Members. As indicated above, Plaintiffs' claims, between their two respective insurance practices, cover the entire gamut of claims of the Settlement Class as set forth in the FAC. Plaintiffs have extensively cooperated with their chosen counsel by meeting in person with the Counsel and reviewing, selecting, and providing to Counsel entire boxes of records related to their sales of insurance products for Defendants, and will continue to aggressively and competently assert the interests of the Settlement Class Members. Plaintiffs' counsel is skilled and experienced in class action litigation of this nature, and has spent considerable time and resources prosecuting this case. Among its efforts, Plaintiffs' counsel travelled for three in-person meetings with the Plaintiffs, one of whom is located in Indiana and the other one in Montana; has collected and reviewed boxes of records from Plaintiffs, and has prepared reports based on those records; and has participated to an in-person mediation in Chicago.

**5.    The Settlement Class Satisfies the Predominance and Superiority Requirements of Fed. R. Civ. P. 23(b)(3)**

Under Fed. R. Civ. P. 23(b)(3), class certification is appropriate if "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

Common questions of law and fact predominate this litigation.  As discussed above, Plaintiffs allege Defendants (1) failed to pay certain Commissions on premiums paid by policyholders to whom they sold certain products, due to premium increases on those products; (2) failed to properly pay Commissions in accordance with the applicable agreements; and (3) improperly replaced agents of record on certain products.  Defendants' alleged conduct was directed toward Plaintiffs and the Settlement Class members equally, and thus common questions of law and fact predominate over any individual issues.  Such common questions include, for example, whether Defendants' alleged conduct was wrongful, whether Defendants' alleged conduct gives rise to certain legal claims for damages, whether Defendants' alleged conduct caused the alleged damages, and, the amount of damages.  While the amount of each Settlement Class member's damages varies, the damages are calculable on a class-wide basis by allocating the net settlement proceeds among the three groups of claims and then to the Settlement Class members based on the number of policies at issue within each group.

Similarly, a class action is superior to other methods of resolution for the Settlement Class members.  Each Settlement Class member has the opportunity to participate in a settlement that yields an immediate and substantial benefit.  On the other hand, if this matter were not resolved on a class-wide basis, hundreds of individual plaintiffs would be forced to bring a multiplicity of individual and duplicative proceedings in this Court.  These individual cases would burden the

16

Court's resources and may result in inconsistent outcomes.  And, many cases would not be economically viable on an individual basis—Plaintiffs believe many of the Settlement Class members' damages are several thousand dollars or less—leaving those persons' contractual rights unadjudicated.

Accordingly, Plaintiffs respectfully request that the Court provisionally certify the Settlement Class for settlement purposes only.

F.      **The Proposed Notices Provide Adequate Notice to the Settlement Class Members and Satisfy Due Process**

The United States Supreme Court has held that notice of a class action settlement must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objection." *Mullance v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); *see also Bower v. MetLife, Inc.*, No. 1:09-cv-351, 2012 U.S. Dist. LEXIS 149117, at *18 (S.D. Ohio Oct. 17, 2012) ("Class members are not expected to rely upon the notices as a complete source of settlement information. Notice of a class settlement need only fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them . . . .") (quotations and citations omitted).

Here, the proposed Notice and manner of distribution negotiated and agreed upon by the parties is "the best notice practicable," as required under Fed. R. Civ. P. 23(c)(2)(B). All Settlement Class Members have been identified in a class list prepared by Defendants, and the Notice will be mailed directly to the last known address of each member (and those addresses that Class Counsel is able to find using reasonable investigatory methods).

The proposed Notice, which is attached to the Settlement Agreement, is clear and straightforward, and provides information on the meaning and nature of the terms and provisions of the Settlement Agreement, the monetary awards that the Settlement will provide to Class

17

Members, including the allocation plan, the scope of the release, the request for attorneys' fees and costs, and the procedures and deadlines for making a claim for a Settlement Award, opting out of the Settlement, or submitting objections.

Accordingly, the Notice complies with the standards of fairness, completeness, and neutrality required for a Settlement Class of collective notice disseminated under authority of the Court, and should be approved.

## V.     **CONCLUSION**

Based upon the foregoing reasons, Plaintiffs respectfully request that the Court grant this Unopposed Motion for Preliminary Approval, and sign the accompanying proposed preliminary approval order.

Dated: April 1, 2019

Respectfully submitted,

**PEIFFER WOLF CARR & KANE**
**A PROFESSIONAL LAW CORPORATION**
1422 Euclid Avenue, Suite 1610
Cleveland, Ohio 44115
Telephone: (216) 589-9280
Facsimile: (216) 916-9220
E-Mail: jbooker@pwcklegal.com
By /s/ James P. Booker
    James P. Booker
ATTORNEY FOR PLAINTIFFS

**SHINDLER, ANDERSON, GOPLERUD, &**
**WEESE, P.C.**
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265
Telephone: (515) 223-4567
Fax: (515) 223-8887
Email: goplerud@sagwlaw.com

By /s/ J. Barton Goplerud_____
    J. Barton Goplerud

ATTORNEY FOR PLAINTIFFS

**ROSCALAW LLC**
23250 Chagrin Blvd, Suite 100
Beachwood, Ohio 44122
Telephone: (216) 570-0097
Fax: (888) 411-0038
Email: rosca@lawgsp.com

By /s/ Alan Rosca_____
      Alan Rosca
ATTORNEY FOR PLAINTIFFS