IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **JOHN FASTRICH and UNIVERSAL INVESTMENT SERVICES, INC. and REGINALD J. GOOD D/B/A REGINALD J. GOOD AGENCY,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**CONTINENTAL GENERAL INSURANCE COMPANY, GREAT AMERICAN FINANCIAL RESOURCE, INC., AMERICAN FINANCIAL GROUP, INC., LOYAL AMERICAN LIFE INSURANCE COMPANY, and AMERICAN RETIREMENT LIFE INSURANCE COMPANY,**<br><br>**Defendants** | CASE NO. 1:17-cv-00615-SJD<br><br>JUDGE SUSAN J. DLOTT |

### ORDER PRELIMINARILY APPROVING SETTLEMENT, APPROVING NOTICE TO CLASS MEMBERS, AND SCHEDULING SETTLEMENT APPROVAL HEARING

Plaintiffs having made an Unopposed Motion for Preliminary Approval of Class Action Settlement between Plaintiffs, individually and on behalf of a Settlement Class (as defined in the Settlement Agreement), and Defendants, and the Court having read and considered the Settlement Agreement:

WHEREAS, this litigation involves allegations that Defendants failed to pay Plaintiffs certain commissions, renewals, and/or overrides on various insurance policies sold by Plaintiffs on Defendants' behalf, and

WHEREAS, Defendants deny any wrongdoing or liability relating to any of the allegations made by Plaintiffs and the parties agree that the Settlement Agreement shall not be construed or deemed to be evidence or admission of any fault, wrongdoing, or liability by any Defendant.

1

IT IS ORDERED that:

1. The Motion is GRANTED.

2. The Court, for the purposes of this Order, adopts all defined terms set forth in the Settlement Agreement.

**Preliminary Approval of the Settlement**

3. The Court preliminarily finds that: (a) the Settlement Agreement is in the best interests of Class Members and sufficiently fair, adequate, and reasonable to warrant the dissemination of notice of the Settlement to potential Class Members and holding a Settlement Hearing; (b) the Settlement Agreement was negotiated at arm's length by experience counsel acting in good faith; and (c) there has been adequate opportunity for experienced counsel to evaluate the claims and risks at this stage of the litigation.

4. The Court finds that preliminary approval is appropriate and hereby grants preliminary approval of the Settlement subject to final determination following notice and hearing.

**Certification of the Settlement Class, Appointment of Settlement Class Representatives and Appointment of Settlement Class Counsel**

5. For settlement purposes only and contingent upon Final Approval of the Settlement Agreement, the Court finds that the Complaint properly seeks class certification under Federal Rule of Civil Procedure 23(b)(3).

6. For settlement purposes only and contingent upon Final Approval of the Settlement Agreement, the Court preliminarily finds that the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3) are met and provisionally certifies the following Settlement Class, as defined as follows:

> all persons or entities that, from October 25, 2011 through the Effective Date of the Settlement Agreement, lost or otherwise were not paid commissions that were or would have been payable on, or

attributable to, insurance policies or products issued or sold by the Defendants or Releasees as a result of Defendants or their affiliates': (1) failing to pay Commissions on premiums paid by policyholders due to premium rate increases on long-term care insurance policies; (2) failing to properly calculate and/or pay Commissions in accordance with the vesting provisions of any agreement(s) with any Defendants; or (3) replacing any person or entity as the agent of record in connection with a sale of any insurance policy; provided, however, that Settlement Class or Class Members shall not include: (i) persons or entities that previously released any of the Claims raised in the Nebraska Action or the Producer Class Action; (ii) Defendants; or (iii) Releasees. Also excluded from the Settlement Class are the persons and/or entities who request exclusion from the Settlement Class within the time period set by this Order.

7. For the purposes of preliminary approval, the Court finds that the provisional certification of the Settlement Class is warranted in light of the proposed Settlement under the prerequisites of Federal Rule of Civil Procedure 23(a) because: (1) the Members of the Settlement Class are so numerous that joinder is impracticable; (2) there are issues of law and fact common to the Settlement Class; (3) Plaintiffs' claims are typical of the claims of the Settlement Class Members; and (4) Plaintiffs' and Plaintiffs' Counsel will fairly and adequately represent the interests of the Settlement Class Members.

8. For purposes of preliminary approval, the Court finds that the provisional certification of the Settlement Class is warranted in light of the proposed Settlement under Federal Rule of Civil Procedure 23(b)(3) because common issues predominate over any questions affecting only individual Members of the Settlement Class, and settlement of this Action on a class basis is superior to other means of resolving the Action.

9. The Court hereby appoints John Fastrich, Universal Investment Services, Inc., and Reginald J. Good D/B/A Reginald J. Good Agency as the Settlement Class Representatives. The Court preliminarily finds that the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class because: (1) the interests of the Settlement Class

Representatives are consistent with those of the Settlement Class Members; (2) there appear to be no conflicts between or among the Settlement Class Representative and the other Settlement Class Members; (3) the Settlement Class Representatives have been and appear to be capable of continuing to be active participants in the prosecution and settlement of this litigation; and (4) the Settlement Class Representatives and the Settlement Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class action cases.

10. In making these preliminary findings, the Court has considered, *inter alia*, (1) the interests of the Settlement Class Members in individually controlling the prosecution or defense of separate actions; (2) the impracticality or inefficiency of prosecuting or defending separate actions; (3) the extent and nature of any litigation concerning these claims already commenced; and (4) the desirability of concentrating the litigation of the claims in a particular forum.

11. The requirements of Rule 23(g) of the Federal Rules of Civil Procedure are met and the Court appoints J. Barton Goplerud and Brian O. Marty of Shindler, Anderson, Goplerud & Weese, P.C., Alan Rosca of RoscaLaw LLC, and Lydia Floyd and James Booker of Peiffer Wolf Carr & Kane, APLC as Settlement Class Counsel for the Settlement Class.

12. At this time, the Court makes no determination regarding the manageability of this litigation as a class action, if this litigation were to go to trial.

## CAFA Notice

13. Within ten (10) days after filing with the Court the motion papers seeking preliminary approval of the Settlement, Defendants shall provide notice of the Settlement to the appropriate state and federal officials as provided in the Class Action Fairness Act, 28 U.S.C. § 1715.

### Notice to Potential Class Members

14. The Court finds that the manner, method, and content of the notice specified in the Settlement Agreement will provide the best notice practicable to the Members of the Settlement Class and satisfies the requirements of Rule 23 and due process requirements of the United States Constitution. Settlement Class Counsel and the settlement administrator, Strategic Claims Services, shall cause direct notice to be sent no later than twenty (20) days after the entry of this Order to all Settlement Class Members at the address of each such person as set forth in the records of Defendants, or who otherwise can be identified through reasonable effort, and in a form and content substantially similar to Exhibits B and C to the Settlement Agreement. Defendants shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms, and Defendants shall use reasonable efforts to provide to the Settlement Administrator, no later than five (5) business days after entry of this Order, a list identifying Settlement Class Members (consisting of names and addresses), in electronic form.

15. Within twenty (20) calendar days from the date of the Order of Preliminary Approval, Strategic Claims Services shall also establish the Settlement Website, which shall contain the Long Form Notice in both downloadable PDF format and HTML format, in a form and content substantially similar to Exhibit D to the Settlement Agreement.

16. Class Members shall be bound by all applicable determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. Any Class Member who wishes to be excluded from the Settlement Class must send a written request for exclusion in the manner and to the address provided in the Notice. The Notice will advise Class Members of their right to request exclusion from the Settlement Class. Such opt out rights may be exercised only

individually by a Class Member, and not by any other person in a representative capacity, except on behalf of a Class Member who is deceased or legally incapacitated. Requests by Class Members to be excluded from the Settlement Class must be mailed to Strategic Claims Services at the address set forth in the Notice and must be postmarked on or before June 22, 2019 in order to be effective. Any Class Member that requests to be and is excluded from the Class shall not be entitled to receive any payment out of the Settlement Fund as described in the Settlement Agreement and Notice.

17. The Court also preliminarily approves the administration of the proposed Settlement as described in the Settlement Agreement and the Allocation Plan for those Class Members who timely submit Claim forms. Claim forms must be submitted to Strategic Claims Services 45 calendar days after notice has been sent in order to be considered, which deadline will be stated in the Notice. Those Class Members who timely submit Claim Forms by the deadline specified will be eligible for distribution of compensation only to the extent, in the amount, and in the manner described in the Settlement Agreement. If the Court grants Final Approval of the Settlement, the settlement funds will be distributed to or for the benefit of the Class Members in the manner and in the amounts described in the Settlement Agreement and the Allocation Plan.

18. The passage of title and ownership of the Settlement Fund to the Settlement Administration Account Agent in accordance with the terms and obligations of the Settlement Agreement is approved. No person that is not a Class Member or Lead Counsel shall have any right to any portion of or any rights in the distribution of the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Settlement Agreement. All funds held in the Settlement Administration Account shall be deemed and considered to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be

distributed pursuant to the Settlement Agreement and/or further order of the Court.

19. A Settlement Fairness Hearing shall be held before this Court on July 23, 2019, at 10:00 a.m., to consider and finally determine:

   a. Whether the Settlement Agreement should be finally approved by the Court as fair, reasonable, and adequate and in the best interests of the Class;

   b. Whether to certify a Settlement Class;

   c. Whether the proposed Allocation Plan should be approved;

   d. Whether and in what amount attorneys' fees and litigation expenses should be awarded to Class Counsel, as provided in the Settlement; and

   e. Objections, if any, made to the Settlement, or any of its terms.

The Fairness Hearing described in this Paragraph may be postponed, adjourned, or continued by order of the Court without further notice to Class Members. No less than twenty-one (21) days before the Fairness Hearing, Class Counsel shall file a motion for final approval and a motion for approval of attorneys' fees, expenses and service awards. The Defendants, Defendants' Counsel, and the Releasees shall have no responsibility for the Allocation Plan or any application for attorneys' fees or reimbursement of litigation expenses submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement. The Court reserves the right to enter its Final Judgment approving the Settlement and dismissing the claims against the Defendants and the other Releasees with prejudice regardless of whether it has awarded attorneys' fees and litigation expenses.

20. Any Settlement Class Member who has not requested exclusion from the Settlement Class and who objects to approval of the proposed Settlement may appear at the Fairness Hearing in person and through counsel to show cause why the proposed Settlement should

not be approved as fair, reasonable, and adequate. However, no person (other than named parties) may be heard at the Fairness Hearing, or file papers or briefs in connection therewith, unless on or before June 22, 2019 such person has mailed to the Clerk of Court, Plaintiff's Counsel, and Defendant Continental General Insurance Company's Counsel a timely written notice of intent to object, which must contain or include the following information:

   a. The name, address, telephone number, and signature of the objecting Class Member;

   b. The specific reasons for the Class Member's objections to the Settlement, and a detailed statement of the factual and legal basis for such objections; and

   c. Identify all witnesses, by name, address, and a summary of proposed testimony, who the objecting Class Member may call to testify at the Fairness Hearing, and describe and produce copies of all evidence such objecting Class Member may offer at the Fairness Hearing; and indication whether the objector will attend the Hearing.

Any Class Member who does not file and serve timely notice of intent to object in accordance with this Order shall waive the right to object to the Settlement or to be heard at the Fairness Hearing, and shall be forever barred from making any objection to the Settlement.

21. Defendants' Counsel and Plaintiff's Counsel shall promptly furnish to each other copies of any notice of intent to object that comes into such counsel's possession.

22. If the Settlement is finally approved, the Court will enter a Settlement Order and Final Judgment approving the Settlement Agreement substantially in the same form and content attached to the Agreement as Exhibit C, and incorporating it as the judgment of the Court, which judgment shall be binding upon all Members of the Settlement Class who have not timely and

properly requested exclusion with this Order and the terms of the Settlement Agreement.

## Other Provisions

23. Pending final determination of whether the Settlement should be approved, Representative Plaintiffs and all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against any Releasees.

24. In the event that the Settlement is validly terminated as provided in the Settlement Agreement or Final Approval of the proposed Settlement reflected by the Settlement Agreement is not granted by the Court, or a Settlement is approved with terms different than as reflected by the Settlement Agreement and that are not agreed to by Plaintiff and Defendants in writing, or the Settlement Order and Final Judgment is reversed or modified on appeal, or entry of a Settlement Order and Final Judgment as provided in the Settlement Agreement does not occur for any reason, then the Settlement, the Settlement Agreement, all drafts, negotiations, discussions, and documentation relating thereto, and all orders entered by the Court in connection therewith, shall become null and void, and shall not be used or referred to for any purpose in this Action or in any other proceeding. In such event, the Settlement Agreement and all negotiations and proceedings relating thereto shall be withdrawn without prejudice to the rights of any of the Parties thereto, who shall be restored to their respective positions as of the date of the execution of the Settlement Agreement.

25. In the event that the Settlement does not become final and effective for any reason, nothing in the Settlement Agreement, this Order, or proceedings or orders regarding the Settlement shall be construed to prejudice any position that any of the parties may assert in any aspect of the litigation.

26. The Parties are hereby authorized without further approval from the Court to agree

upon such amendments or modifications of the Settlement Agreement and of all exhibits thereto as shall be consistent in all respects with this Order and do not limit the rights of Class Members.


Date: April 2, 2019                                  S/Susan J. Dlott_____
                                                     Susan J. Dlott, JUDGE