IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **JOHN FASTRICH and UNIVERSAL INVESTMENT SERVICES, INC. and REGINALD J. GOOD D/B/A REGINALD J. GOOD AGENCY,**<br><br>Plaintiffs,<br><br>vs.<br><br>**CONTINENTAL GENERAL INSURANCE COMPANY, GREAT AMERICAN FINANCIAL RESOURCE, INC., AMERICAN FINANCIAL GROUP, INC., LOYAL AMERICAN LIFE INSURANCE COMPANY, and AMERICAN RETIREMENT LIFE INSURANCE COMPANY,**<br><br>Defendants | **CASE NO. 1:17-cv-00615-MRB**<br><br>**JUDGE MICHAEL R. BARRETT** |

## ORDER GRANTING FINAL APPROVAL

This matter was heard on September 17, 2019, before the Court, pursuant to the Order Preliminarily Approving Settlement, Approving Notice to Class Members, and Scheduling Settlement Fairness Hearing (the "Preliminary Approval Order") entered on April 2, 2019, Docket # 38, as modified by the Order Granting Unopposed Motion for Approval of Documents to Be Sent to Class Members and New Deadlines Pertaining to the Class Action Settlement and to Set Date for Final Fairness Hearing (the "Scheduling Order") entered on July 19, 2019, Docket #46, for the purpose of determining: (i) whether the settlement of this action, on the terms and conditions set forth in the Stipulation and Agreement of Settlement between Plaintiffs and Defendants (the "Settlement Agreement") should be finally approved as fair, reasonable, and adequate and in the best interests of the Class; (ii) whether the Settlement Class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure; (iii) whether and in what amount attorneys' fees and litigation expenses should be awarded to Class Counsel, as provided in the

Settlement; (iv) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendants as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (v) whether to approve the Allocation Plan as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (vi) whether the Settlement Order should be entered.

Having considered the record in this action, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. For purposes of this Order, all capitalized terms used herein having the meanings as set forth and defined in the Settlement Agreement.

2. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this class action cannot be compromised without the approval of this Court, finding that Class Members have been afforded reasonable notice of the proposed settlement and an opportunity to be heard, and that the settlement is fair, adequate, and reasonable. Having conducted the required analysis, and after consideration of all facts and circumstances, including those adduced at the hearing, the Court finds and concedes that the settlement is fair, adequate, and reasonable, and that Class Members received reasonable notice of such settlement, of their right to exclude themselves from the Settlement Class, and an opportunity to be heard.

3. For settlement purposes only, the Court finds that the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3) are met and certifies the following Settlement Class, as defined as follows:

> all persons or entities that, from October 25, 2011 through the Effective Date of the Settlement Agreement, lost or otherwise were not paid commissions that were or would have been payable on, or attributable to, insurance policies or products issued or sold by the Defendants or Releasees as a result of Defendants or their affiliates': (1) failing to pay Commissions on premiums paid by policyholders

due to premium rate increases on long-term care insurance policies; (2) failing to properly calculate and/or pay Commissions in accordance with the vesting provisions of any agreement(s) with any Defendants; or (3) replacing any person or entity as the agent of record in connection with a sale of any insurance policy; provided, however, that Settlement Class or Class Members shall not include: (i) persons or entities that previously released any of the Claims raised in the Nebraska Action or the Producer Class Action; (ii) Defendants; or (iii) Releasees. Also excluded from the Settlement Class are the persons and/or entities who request exclusion from the Settlement Class within the time period set by this Order.

4. The Court finds and concludes that for settlement purposes the certification of the Settlement Class is warranted in light of the Settlement under the prerequisites of Federal Rule of Civil Procedure 23(a) because: (1) the Members of the Settlement Class are so numerous that joinder is impracticable; (2) there are issues of law and fact common to the Settlement Class; (3) Plaintiffs' claims are typical of the claims of the Settlement Class Members; and (4) Plaintiffs and Plaintiffs' Counsel will fairly and adequately represent the interests of the Settlement Class Members.

5. The Court finds and concludes that for settlement purposes the certification of the Settlement Class is warranted in light of the Settlement under Federal Rule of Civil Procedure 23(b)(3) because common issues predominate over any questions affecting only individual Members of the Settlement Class, and settlement of this Action on a class basis is superior to other means of resolving the Action.

6. The Court hereby confirms the appointment of Plaintiffs John Fastrich, Universal Investment Services, Inc., and Reginald J. Good D/B/A Reginald J. Good Agency as the Settlement Class Representatives. The Court confirms that the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class because: (1) the interests of the Settlement Class Representatives are consistent with those of the Settlement Class Members; (2)

there appear to be no conflicts between or among the Settlement Class Representatives and the other Settlement Class Members; (3) the Settlement Class Representatives have been and appear to be capable of continuing to be an active participant in the prosecution and settlement of this litigation; and (4) the Settlement Class Representatives and the Settlement Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class action cases.

7. In making these findings, the Court has considered, *inter alia*, (1) the interests of the Settlement Class Members in individually controlling the prosecution or defense of separate actions; (2) the impracticality or inefficiency of prosecuting or defending separate actions; (3) the extent and nature of any litigation concerning these claims already commenced; and (4) the desirability of concentrating the litigation of the claims in a particular forum.

8. The Court has personal jurisdiction over Plaintiffs, all Members of the Settlement Class, Defendants, and the Court has subject matter jurisdiction to approve the Settlement Agreement.

9. Plaintiffs and Defendants have entered into the Settlement Agreement, which has been filed with the Court and is incorporated herein by reference. The Settlement Agreement provides for the settlement of this Action with Defendants by the Plaintiffs as a representative of and on behalf of the Members of the Settlement Class, subject to final approval by the Court. The Settlement Agreement provides that, in exchange for the release described in the Settlement Agreement and this Settlement Order, Defendants will pay $1,250,000 by wire transfer the Settlement Amount into an escrow account, which will be established at a bank by Class Counsel. The Settlement Amount will be allocated as set forth in the Allocation Plan.

10. Based on the evidence presented at the hearing, the Court finds that notice has been given to Class Members pursuant to and in compliance with the Preliminary Approval Order and the

Settlement Agreement, and that the notice and the notice methodology adopted pursuant to the Preliminary Approval Order and the Settlement Agreement was reasonable and the best notice practicable; satisfied due process requirements; and provided Class Members with fair and adequate notice of the certification of the Settlement Class and of the Settlement Fairness Hearing; provided adequate information concerning the hearing, the right to be excluded from the Settlement Class, the settlement, and the right of counsel for Plaintiffs to apply for an award of attorneys' fees and expenses. Accordingly, the Notice and the Claim Form are finally approved as fair, reasonable, and adequate. The Court finds and concludes that due and adequate notice of the pendency of this Action and of the Settlement Agreement has been provided to Members of the Settlement Class, and the Court further finds and concludes that notice of the settlement as described in the Preliminary Approval Order and completed by the Parties complied fully with the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process under the Unites States Constitution.

11. The Court finds that the Settlement Agreement was entered into in good faith between Plaintiffs and Defendants, and is the result of good faith arm's length negotiations by the Parties thereto. In addition, the Court finds that Final Approval of the Settlement Agreement will result in substantial savings in time and resources of the Court and the Parties and will further the interests of justice, and is in the best interest of the Settlement Class, especially in light of the benefits to the Settlement Class and the costs and risks associated with the complex proceedings necessary to achieve a favorable result in this Action. Further, the Court finds that the Settlement Agreement is fair, reasonable, and adequate to Members of the Settlement Class based on proceedings in this Action, discovery, due diligence, and in the absence of material objections sufficient to deny approval.

12. Therefore, the terms of the Settlement, as set forth in the Settlement Agreement, are hereby determined to be fair, reasonable, and adequate. Accordingly, pursuant to and in accordance with the requirements of Rule 23, the Settlement Agreement, including each of its respective terms and conditions, is hereby finally approved by and incorporated as part of this Settlement Order.

13. The Court permanently bars and enjoins (i) all Class Members and their heirs, executors, administrators, trustees, predecessors, successors, Affiliates, representatives, and assigns – and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of them – from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in this Action or the Nebraska Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, that is based upon, arises out of, or relates to any Released Claim as to any Releasee, including any Claim that is based upon, arises out of, or relates to this Action or the transactions and occurrences referred to in the Complaint, and (ii) all persons and entities from filing, commencing, or prosecuting any other lawsuit as a class action or other proceeding (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action) on behalf of any Class Member as to the Releasees, if such other lawsuit is based upon, arises out of, or relates to any Released Plaintiffs' Claims, including any Claim that is based upon, arises out of, or relates to the Action or the transactions and occurrences referred to in the Complaint.

14. To effectuate the Settlement, the Court hereby enters the following Complete Bar Order:

    a. Any and all persons and entities, are permanently barred, enjoined, and restrained

from commencing, prosecuting, or asserting any Claim against any Releasee arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including Claims for breach of contract or for misrepresentation, where the Claim is or arises from a Released Claim and the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Class Member, including any Claim in which a person or entity seeks to recover from any of the Releasees (i) any amounts such person or entity has or might become liable to pay to the Settlement Class or any Settlement Class Member and/or (ii) any costs, expenses, or attorneys' fees from defending any Claim by the Settlement Class or any Settlement Class Member. All such Claims are hereby extinguished, discharged, satisfied, and unenforceable, subject to a hearing to be held by the Court, if necessary. The provisions of this Complete Bar Order are intended to preclude any liability of any of the Releasees to any person or entity for indemnification, contribution, or otherwise on any Claim that is or arises from a Released Claim and where the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Settlement Class or any Settlement Class Member; provided however, that if the Settlement Class or any Settlement Class Member obtains any judgment against any such person or entity based upon, arising out of, or relating to any Released Claim for which such person or entity and any of the Releasees are found to be jointly liable, that person or entity shall be entitled to a judgment credit equal to an amount that is the greater of (i) an amount that corresponds to such Releasee's or Releasees' percentage of responsibility for the loss to the Settlement Class or any Settlement Class Member or (ii) the Settlement Amount, in case of a judgment on behalf of the Settlement Class, or the portion of the Settlement Amount that corresponds to such Settlement Class Member's share of the Settlement Amount, in the event of a judgment on behalf of an individual Settlement Class

7

Member.

b. Each and every Releasee is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Claim against any other person or entity (including any other Releasee) arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including Claims for breach of contract and for misrepresentation, where the Claim is or arises from a Released Claim and the alleged injury to such Releasee arises from that Releasee's alleged liability to the Settlement Class or any Settlement Class Member, including any Claim in which any Releasee seeks to recover from any person or entity (including another Releasee) (i) any amounts any such Releasee has or might become liable to pay to the Settlement Class or any Settlement Class Member and/or (ii) any costs, expenses, or attorneys' fees from defending any Settlement Class or any Settlement Class Member. All such Claims are hereby extinguished, discharged, satisfied and unenforceable.

c. Each and every Releasee is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Claim against any other person or entity (including any other Releasee) arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including Claims for breach of contract and for misrepresentation, where the Claim relates in any way to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written statements or representations made in connection with, or directly or indirectly relating to, (i) the prosecution, defense, or settlement of the this Action or the Nebraska Action, (ii) the Settlement Agreement, (iii) the Settlement terms and their implementation, (iv) the provision of notice in connection with the proposed Settlement, and/or (v) the resolution of any Claim Forms filed in

connection with the Settlement.

       d. Notwithstanding anything stated in this Complete Bar Order, if any person or entity (for purposes of this Complete Bar Order, a "petitioner") commences against any of the Releasees any action either (i) asserting a Claim that is or arises from a Released Claim and where the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Settlement Class or any Settlement Class Member or (ii) seeking contribution or indemnity for any liability or expenses incurred in connection with any such Claim, and if such action or Claim is not barred by a court pursuant to this Complete Bar Order or is otherwise not barred by the Complete Bar Order, neither the Complete Bar Order nor the Settlement Agreement shall bar Claims by that Releasee against (a) such petitioner, (b) any person or entity who is or was controlled by, controlling, or under common control with the petitioner, whose assets or estate are or were controlled, represented, or administered by the petitioner, or as to whose Claims the petitioner has succeeded, and (c) any person or entity that participated with any of the preceding persons or entities described in items (a) and (b) of this subparagraph in connection with the assertion of the Claim brought against the Releasee(s); provided, however, that nothing in this Complete Bar Order or the Settlement Agreement shall prevent the Settling Parties from taking such steps as are necessary to enforce the terms of the Settlement Agreement.

       e. If any term of the Complete Bar Order entered by the Court is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all of the Releasees the fullest protection permitted by law from any Claim that is based upon, arises out of, or relates to any Released Claim.

15. Representative Plaintiffs and all other Class Members and all Releasors shall be deemed to have hereby fully, finally, and forever released, relinquished, settled, and discharged all claims as

specified in paragraph 30 of the Settlement Agreement.

16. Class Counsel, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, affiliates, assigns, and any person or entity claiming by or through any of them, shall be deemed to have hereby fully, finally, and forever released, relinquished, settled, and discharged all claims as specified in paragraph 31 of the Settlement Agreement.

17. Defendants, Releasees, and Defendants' Counsel, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, affiliates, assigns, and any person or entity claiming by or through any of them, shall be deemed to have hereby fully, finally, and forever released, relinquished, settled, and discharged all claims as specified in paragraph 31 of the Settlement Agreement.

18. Those Class Members who timely and properly requested exclusion from the Settlement Class are identified in Exhibit B to the Affidavit of the settlement administrator, Strategic Claims Services, filed with the Court. The Court approves this list of Class Members who have excluded themselves from the Settlement Class, and those individuals are excluded from the Settlement Class. All other Members of the Settlement Class are, together with their past, present, and future employees, consultants, contractors, officers, directors, executors, heirs, indemnitors, representatives, attorneys, affiliates, insurers, subsidiaries, divisions, parents, predecessors, successors, agents (whether by estoppel or otherwise), and assigns bound by this Settlement Order and all proceedings embodied by the Settlement, including the releases provided for in this Settlement Order.

19. The Court finds that Plaintiffs and counsel for Plaintiffs and the Settlement Class, Shindler, Anderson, Goplerud & Weese, P.C., RoscaLaw LLC, Peiffer Wolf Carr & Kane, APLC, and Whitfield & Eddy P.L.C. have fairly and adequately represented the interests of the Settlement

Class.

20. The Allocation Plan is approved as fair and reasonable, and in the best interests of the Class, and Class Counsel and Strategic Claims Services are directed to administer the Settlement Agreement in accordance with its terms and provisions. Disbursements of the Settlement Funds to eligible Class Members who timely submit proper Claim forms shall be made by Strategic Claims Services in the manner, within the time periods, and under the terms and conditions provided in the Settlement Agreement and Allocation Plan.

21. Strategic Claims Services shall discharge all aspects of notice and other settlement administration in accordance with the Settlement Agreement.

22. Neither this Settlement Order, the Settlement Agreement, the fact of settlement, the settlement proceedings, settlement negotiations, nor any related document, shall be used as an admission of any act or omission by Defendants or any Releasee, or be offered or received into evidence as an admission, concession, presumption, or inference of any wrongdoing by Defendants or any Releasee, in any action or proceeding in any court, administrative panel or proceeding, or other tribunal, other than such proceedings as may be necessary to consummate or enforce the Settlement Agreement.

23. The Parties are hereby authorized without further approval from the Court to agree upon such amendments or modifications of the Settlement Agreement and all exhibits thereto as shall be consistent in all respects with this Settlement Order and do not limit the rights of the Class Members.

24. Without affecting the finality of this Order, the Court retains jurisdiction over this Settlement to the extent necessary to implement, enforce, and administer the Settlement Agreement and this Settlement Order and Final Judgement. The Complaint is hereby dismissed

with prejudice against the Defendants, their past or present subsidiaries, parents, affiliates, partners, successors and predecessors, officers, directors, shareholders, insurers, reinsurers, agents, employees, attorneys, advisors, and investment advisors, auditors, accountants and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors in interest or assigns of the Defendants. The above-captioned action is hereby dismissed with prejudice.

25. An appeal of the Order which awards attorneys' fees, expenses, and/or service awards shall have no effect whatsoever on the finality of any other portion of this Order, the Final Judgment or the Effective Date of the Settlement as provided in the Settlement Agreement. Class Members appealing this Order or any portion thereof, must first timely intervene pursuant to the Federal Rules of Civil Procedure.

26. Without further order of the court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

_____*/s/ Michael R. Barrett*_____
MICHAEL R. BARRETT, JUDGE